IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LESLIE MCCLOUD, | ) |
| on behalf of Plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ADT LLC, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Leslie McCloud brings this action against Defendants ADT LLC and Does 1-10, to stop Defendants' practice of making unsolicited calls to persons whose numbers are on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and to obtain redress for all persons injured by Defendants' conduct.

### JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1337 (commerce) and 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants have committed tortious acts in Indiana by causing the transmission of unlawful communications into the state.

  b.  Defendants do or transact business within this District.

## PARTIES

  4.  Plaintiff Leslie McCloud is a resident of Gary, Indiana.

  5.  Defendant ADT, LLC is a Delaware corporation.  Its principal place of business is in Boca Raton, Florida.  Its registered agent and address is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

  6.  Defendant Does 1-10 are other persons responsible for the calls complained of.

## FACTS

  7.  Plaintiff Leslie McCloud is the subscriber to a cellular telephone number XXX-XXX-9062.  Plaintiff pays the cell phone bills.

  8.  Plaintiff's cellular telephone number is a residential number, used primarily for nonbusiness purposes.

  9.  Plaintiff's cell phone number, XXX-XXX-9062, has been listed on the National Do Not Call Registry since mid-February, 2017.

  10.  On or about December 9, 2020, Plaintiff received the following text message call on her cellular phone:

> Hello my name is Brandon with ADT, offering a free install and activation for your home.  Is this something I can help out with?

  11.  On or about December 10, 2020, Plaintiff received the following text message call on her cellular phone:

> Sent you a text yesterday, would you be interested in a free install of ADT equipment?  Let me know please.  Thank you Brandon.

  12.  Plaintiff never consented to, requested or otherwise desired or permitted

Defendants to make text message calls to her cellular phone.

13. Plaintiff had no prior relationship with Defendants and had not furnished her cell phone number to Defendants.

14. Defendants were and are aware that the above-described text message calls were and are being made to consumers without those consumers' prior express consent. Defendants' products or services were advertised through the text message calls and they derived a concrete economic benefit from the text message calls made to Plaintiff and other members of the class.

15. Defendants either negligently or willfully violated the rights of Plaintiff and the putative class members in making or arranging for the unsolicited text message calls at issue.

16. Defendant ADT LLC has had numerous other federal lawsuits pending against it alleging violations of the TCPA.

17. ADT Security Services, Inc. (now known as ADT, LLC) and two of its Authorized Dealers were sued by the FTC for illegal telemarketing which resolved through entry of a consent decree. *United States of America v. ADT Security Services, Inc.*, 07-cv-81051 (S.D. Fla. Nov. 20, 2007).

18. Additionally, in the class settlement in *Desai v. ADT Security Services, Inc.*, 11-cv-1925 (N.D. Ill.) (*Dkt. No. 240-1, ¶4.6*), ADT agreed to implement new policies to ensure TCPA compliance.

19. Despite the consent decree and other lawsuits, consumers continue to receive illegal telemarketing calls promoting ADT products and services.

20. Defendants provide no means for Plaintiff or other recipients to be removed from Defendants' call lists. Calls placed to the number Plaintiff received the text message calls from

3

result in receipt of the same text message sent to Plaintiff on December 9, 2020.

21. Plaintiff incurred actual damages in receiving the unsolicited text message calls in the form of monies paid to receive the unsolicited calls. The text message calls took time to receive and her statutory right of privacy was invaded. By calling Plaintiff, Defendants caused Plaintiff and the putative class members actual harm, including aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phone, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment.

22. Defendants should be enjoined from committing similar violations in the future.

### COUNT I - TCPA

23. Plaintiff incorporates by reference paragraphs 1-22.

24. A private right of action for "Do Not Call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.

25. 47 U.S.C. § 227(c)(5) provides:

(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State–

>  (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
>  (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
>  (C) both such actions.

4

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.  If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to no more than 3 times the amount available under subparagraph (b) of this paragraph.

26.     Defendants placed at least 2 unsolicited telemarketing calls within a 12-month period to Plaintiff and other members of the putative class whose telephone numbers were on the Do Not Call Registry.

27.     Defendants placed or caused to be placed  unsolicited telemarketing calls to telephone numbers belonging to Plaintiff and other members of the putative class without their prior express consent.

28.     Plaintiff and the putative class members are entitled to statutory damages.

29.     Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited calls and their statutory right of privacy was invaded.

30.     Defendants violated the TCPA even if their actions were only negligent.

31.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

32.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and 23(b)(3) on behalf of a class.

33.     The class consists of: (a) all persons (b) who, had his or her telephone number(s) registered with the National Do Not Call Registry, (c)  to which Defendants placed or caused to be placed more than one telephone call (d) promoting Defendant ADT LLC's products or services (e) within any 12-month time period on or after a date four years prior to the filing of

this action (28 U.S.C. § 1658), and (f) who never provided Defendant ADT LLC prior express consent to receive such calls.

34. The exact number of class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls and sent text messages to more than 40 persons who fall into the definition of the class. Class members can be identified through Defendants' records or the records of those who acted on behalf of Defendants.

35. Plaintiff's claims are typical of the claims of other members of the class, in that Plaintiff and the class members sustained damages arising out of Defendants' uniform wrongful conduct, including the making of unsolicited telephone calls and text message calls to persons whose numbers were on the Do Not Call Registry.

36. Plaintiff will fairly and adequately represent and protect the interests of the class, and have retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class members, and Defendants have no defenses unique to Plaintiff.

37. There are questions of law and fact common to the claims of Plaintiff and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

    a. Whether Defendants' conduct constitutes violations of the TCPA;

    b. Whether Defendants systematically made telephone calls to persons who did not provide Defendants with prior express consent to receive such telephone calls;

    c. Whether Defendants systematically made telephone calls to persons whose telephone numbers were listed on the National Do Not Call

        Registry; and

    d.    Whether class members are entitled to treble damages based on the willfulness of Defendants' conduct.

38.    Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

39.    Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

    a.    Statutory damages, 47 U.S.C. § 227(c)(5);

    b.    An injunction restraining the conduct complained of;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems proper.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any text message calls, campaigns, accounts, sales or file associated with Plaintiff. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

s/Daniel A. Edelman
Daniel A. Edelman